UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIOUS EUGENE EASTON, | |
| Plaintiff, | |
| v. | No. 3:25 CV 608 |
| MARSHALL COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

## OPINION and ORDER

Darious Eugene Easton, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against the Marshall County Sheriff's Department, alleging he was entrapped and falsely arrested. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Easton explains that on July 7, 2024, a Marshall County Sheriff's Deputy called him to pick up his ex-wife from a traffic stop. The Sheriff's Deputy knew that there was a no contact order against him, but told Easton if he did not pick her up in twenty minutes, she would go to jail. When Easton arrived, he was immediately

detained and taken to jail on a $500 bond for violating the protective order. The case was later dismissed. Easton claims that he was entrapped and was unlawfully detained in violation of the Fourth Amendment. Easton's complaint, however, does not state a claim.

First, Easton sues only the Marshall County Sheriff's Department, but the Sheriff's Department cannot be held liable under § 1983 for the acts of its employees. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Instead, the Sheriff's Department is liable only for constitutional violations that are attributable to an official policy, custom, or practice of the Sheriff's Department. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). There are no allegations connecting this one employee's actions to a departmental policy, custom, or practice.

Even if Easton had named as a defendant the individual sheriff's deputy he interacted with, his complaint still would not state a claim. He may not proceed on a claim for entrapment. "Entrapment is an affirmative defense in a criminal case, not a cause of action under § 1983." *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004). Entrapment might possibly constitute a substantive due process violation, but only "where law enforcement conduct violates 'fundamental fairness, shocking to the universal sense of justice.'" *Id.* at 865 (quoting *United States v. Russell,* 411 U.S. 423, 431– 32 (1973)). The conduct here does not meet that standard.

Easton also does not state a claim for unlawful detention. The Fourth Amendment protects against an unlawful arrest. *Washington v. City of Chicago*, 98 F.4th

2

860, 863 (7th Cir. 2024). Implicit in any such unlawful detention—whether false arrest, false imprisonment, or wrongful detention—is that the arrest and/or detention is not supported by probable cause. *Wang v. City of Indianapolis*, No. 24-2664, 2025 WL 1000158, at *5 (7th Cir. Apr. 3, 2025) (citing *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015)). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Here, Easton admits that his presence violated a protective order, providing the officers with probable cause to believe he was committing a crime. Easton was charged with a misdemeanor based on the events, though the charge was later dismissed. *See State v. Easton*, No. 50D02-2407-CM-000791 (Marshall Super. Ct. decided Mar. 19, 2025). The fact that he was charged with only a misdemeanor does not change the analysis. "[A] seizure is reasonable under the Fourth Amendment when it is based upon probable cause regardless of the severity of the offense involved." *Woods v. City of Chicago*, 234 F.3d 979, 993 (7th Cir. 2000). Therefore, this also does not state a claim.

This complaint does not state a claim for which relief can be granted. If Easton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Darious Eugene Easton until **November 18, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Darious Eugene Easton that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

                    **SO ORDERED.**

Date: October 15, 2025

                    s/James T. Moody
                    JUDGE JAMES T. MOODY
                    UNITED STATES DISTRICT COURT